IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| ROBERT HURST, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:12-CV-1488-DGK |
| NISSAN NORTH AMERICA, INC., | ) ) | |
| Defendant. | ) | |

## ORDER GRANTING MOTION TO REMAND

This class action arises from allegations that certain cars manufactured by Defendant Nissan North America ("Nissan") have defective dashboards. Pending before the Court is Plaintiffs' Motion to Remand (Doc. 6). Plaintiffs argue that Defendant's removal of this case was procedurally improper because the notice of removal was not filed within thirty days after Nissan received the Second Amended Petition.

The Court holds removal was procedurally proper, but because the Second Amended Petition does not state a claim for punitive damages, the amount in dispute here does not exceed the required $5,000,000 for the Court to exercise CAFA jurisdiction. Accordingly, the motion is GRANTED.

**Background**

On December 14, 2009, Plaintiff Robert Hurst and four other putative class representatives filed a class action lawsuit in the Circuit Court of Jackson County, Missouri alleging that Nissan manufactured Infiniti model luxury cars with dashboards that were prone to bubbling on the surface. Plaintiffs' original petition ("the Petition") brought claims for breach of express warranty, breach of the implied warranty of merchantability, and a violation of

Missouri's Merchandising Practices Act ("MMPA") and sought damages for "the diminished value . . . and/or the cost of repairing" a "defect in the dashboard." (Doc. 1-7 at ¶ 16.)

The sole reference to punitive damages in the Petition was as part of a generic assertion of an individual's private right of action under the MMPA. The Petition observed that under the MMPA, "any person who purchases merchandise . . . and suffers an ascertainable loss of money as a result of unlawful acts in connection with such sale, may bring a civil action to recover actual and punitive damages from the person that committed the unlawful act." (Doc. 1-7 at ¶ 48.) There was no other mention of punitive damages in the Petition, nor were there any allegations concerning the elements of proof that would support a claim for punitive damages. Additionally, Plaintiffs' Prayer for Relief requested only "compensatory damages" for the class, "compensatory damages" for the named Plaintiffs for their efforts on behalf of the class, and "costs and attorneys' fees."

On February 16, 2010, Nissan removed the case[1] to this Court asserting that it had a statutory right to have this dispute heard in federal court pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). Plaintiffs moved for remand, and on June 8, 2010 this Court granted the motion (Doc. 1-11), concluding in relevant part that the amount in dispute here was, at most, $2,858,000, thus CAFA's $5,000,000 jurisdictional threshold was not met.

After remand, on July 2, 2010, Plaintiffs filed their First Amended Petition which, like the original petition, stated a claim under the MMPA and mentioned punitive damages once in the context of a right to private action, but in its Prayer for Relief sought only compensatory damages, costs, and attorneys' fees (Doc. 1-12 at pp. 14-15). The Circuit Court subsequently certified a class of Infiniti owners and appointed Plaintiff Hurst as class representative.

On February 1, 2012, the Circuit Court set the case for trial beginning January 7, 2013.

---

[1] At that time the case was captioned *Tracie Hope, et. al. v. Nissan North America, Inc.*, 4:10-CV-00142-DGK.

On April 23, 2012, Hurst filed a Second Amended Petition (Doc. 1-13) which dropped the other named Plaintiffs, naming Hurst as the sole class representative. As with the prior petitions, the Second Amended Petition stated a claim under the MMPA and mentioned punitive damages once in the context of a right to private action, but pled only compensatory damages, costs, and attorneys' fees (Doc. 1-13 at ¶ 49).

On December 19, 2012, one day after the parties met for an unsuccessful mediation, Plaintiffs submitted proposed jury instructions on punitive damages. The next day Nissan's counsel confirmed with Plaintiffs' counsel that the proposed punitive damages instruction had not been submitted by mistake.

On December 26, 2012, Nissan filed its Notice of Removal (Doc. 1). In it, Nissan stated that removal pursuant to CAFA had now become appropriate. Nissan also stated that removal was timely pursuant to 28 U.S.C. § 1446(b) because it was first ascertainable that this case had become removable on December 19, 2012 when Plaintiffs submitted their proposed jury instructions.

**Standard**

The statute governing removal provides in relevant part that "[a]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . ." 28 U.S.C. § 1441(a). Under CAFA, a federal district court has original jurisdiction over any class action in which the aggregate class members' claims exceed $5,000,000, and any member of the class is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2), (d)(6).

The burden of establishing federal jurisdiction is on the party seeking removal. *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). Where the jurisdictional amount is in dispute,

the party seeking to establish jurisdiction must prove the requisite amount by a preponderance of the evidence. *Id.* "Under the preponderance standard, the jurisdictional fact is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are." *Id.* at 959 (internal quotation omitted). This is a fact intensive inquiry. *Id.* Once a removing party has established by a preponderance of the evidence that the jurisdictional amount is satisfied, remand is appropriate only if "the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." *Id.* at 956, 959.

Notice of removal must be "filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . ." 28 U.S.C. § 1446(b)(1). Alternately,

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3). Under the statute, "'ascertain' means 'to make certain, exact, or precise' or 'to find out or learn with certainty.'" *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002). Thus, to trigger the thirty-day time period, the notice given by an amended pleading, motion, order, or "other paper" must be "unequivocal." *Id.* (adopting the position held by the Tenth Circuit).

The Eighth Circuit holds that the thirty-day time limit "begins running upon receipt of the initial complaint only when the complaint *explicitly discloses* the plaintiff is seeking damages in excess of the federal jurisdictional amount." *In re Willis*, 228 F.3d 896, 897 (8th Cir. 2000) (emphasis added) (granting petition for mandamus and directing the district court to reassume jurisdiction). This rule promotes judicial efficiency and "prevents a plaintiff from disguising the

4

amount of damages until after the thirty-day time limit has run to avoid removal to federal court." *Id.* If the plaintiff has obscured or omitted the grounds on which the case stated by the initial pleading is removable, the defendant has thirty days from when the grounds for removal are revealed to file its notice of removal. *Lovern v. GM Corp.*, 121 F.3d 160, 162 (4th Cir. 1997).

## Discussion

**A.     Removal was timely because it first became ascertainable that Plaintiffs were seeking punitive damages when they submitted proposed jury instructions.**

Plaintiffs argue that Nissan's removal is untimely because the jury instruction on punitive damages is not an "amended pleading, motion, order or other paper" from which Nissan could first ascertain that the case was removable. Plaintiffs contend all three petitions sought punitive damages, thus it was ascertainable that this lawsuit was removable from when it was first filed in late 2009. Thus, the deadline to remove expired in early 2010, thirty days after Nissan was served with this lawsuit.

The Court finds no merit to this argument. As part of its analysis in ruling on the first motion to remand, the Court carefully reviewed the Petition for all claimed damages and found it sought only "compensatory damages, costs, and attorneys fees" (Doc. 1-11 at 1). The Court did not include punitive damages in this list because at that time there was no unequivocal indication in the record that the Plaintiff was seeking punitive damages; there was certainly no *explicit disclosure* that Plaintiff was seeking punitive damages. Ultimately, the Court grounded its determination that the amount in dispute did not exceed $5,000,000 on the fact that Plaintiffs were only seeking "compensatory damages, costs, and attorneys' fees." If Plaintiffs had been seeking punitive damages, the Court would have found that the amount in dispute easily exceeded the threshold amount for the Court to exercise CAFA jurisdiction.

5

The Court holds it first became ascertainable, that is, Defendant first learned with certainty, that this case had become removable when Defendant received Plaintiffs' proposed punitive damages jury instruction. Proposed jury instructions which provide "information relating to the amount in controversy"—like those submitted here—are "other paper" under 28 U.S.C. § 1446(b)(3) and provide a basis for removal. *See Janis v. Workhorse Custom Chassis, LLC*, No. 12C3016, 2012 WL 2597935, at *2 (N.D. Ill. July 5, 2012); *Branham v. Hunter's View Ltd.*, No. 4:11CV0230-TCM, 2011 WL 1660559, at *3 n.6 (E.D. Mo. May 3, 2011).

Plaintiffs' claim, that they unequivocally asserted they were seeking punitive damages in the petitions by using the word "punitive" once in a completely generic context, is unavailing. Recovering punitive damages under the MMPA requires pleading facts supporting a finding that the defendant's "conduct was outrageous due to defendant's evil motive or reckless indifference to the rights of others." *Walsh v. Al West Chrysler, Inc.*, 211 S.W.3d 673, 676 (Mo. App. S.D. 2007). Nowhere in his petitions does Plaintiff plead "outrageous" conduct, "evil motive," "reckless indifference" or anything similar. Additionally, nothing in any prayer for relief suggests Plaintiffs were seeking punitive damages. While this does not completely preclude Plaintiffs from later seeking punitive damages when the factual allegations support such a claim, *see City of Greenwood v. Martine Marietta Materials, Inc.*, 311 S.W.3d 258, 265 (Mo. App. 2010), a court may consult the prayer for relief to determine the pleader's intent. *HFC Invs, L.L.C. v. Valley View State Bank*, 361 S.W.3d 450, 455-56 (Mo. App. W.D. 2012).

After reviewing the entire pleading submitted here, including the prayer for relief, the Court concludes that Plaintiffs did not intend to seek punitive damages when he filed any of his petitions. Indeed, if Plaintiffs had intended to seek punitive damages but only listed the other categories of damages in his prayer for relief, that would suggest he was deliberately obscuring

6

the grounds on which this case would be removable. This is exactly what Congress sought to stop by enacting CAFA: Prevent plaintiffs from "disguising the amount of damages until after the thirty-day time limit has run to avoid removal to federal court." *In re Willis*, 228 F.3d 896, 897 (8th Cir. 2000).

Accordingly, the Court holds it first became ascertainable that this case had become removable when Plaintiff submitted his jury instructions on December 19, 2012. Thus, Nissan's removal seven days later was timely under § 1446(b).

**B.     The amount in dispute requirement is not met.**

Although removal was timely, the Court holds Plaintiff's request for punitive damages comes so late that punitive damages are not permitted under Missouri law, thus the Court can conclude to a legal certainty that the amount in dispute will not exceed $5,000,000.

As a threshold matter, the Court holds Nissan has established by a preponderance of the evidence the jurisdictional fact that if Plaintiff were allowed to seek punitive damages, the amount in dispute here would easily exceed $5,000,000. Thus, the burden shifts to Plaintiff to demonstrate "to a legal certainty" that the claim is for less than $5,000,000.

Plaintiff has done this. As Plaintiff points out (Doc. 7 at 12), Missouri courts have consistently held that where punitive damages are not adequately pled in the petition, they may not be recovered at trial. *See e.g., Green v. Study*, 286 S.W.3d 236, 243 (Mo. App. 2009); *Benson v. Jim Maddox Nw. Imports, Inc.*, 728 S.W.2d 668, 669-670 (Mo. App. 1987). Because this Court has ruled above that punitive damages were not adequately pled in the petitions, Plaintiff may not recover punitive damages at trial. Consequently, the Court is left with the conclusion reached in its initial order granting remand: The amount in dispute here is, at most,

$2,858,000.  This is approximately two million dollars less than the jurisdictional threshold, and so the Court lacks subject matter jurisdiction to hear this dispute.

## CONCLUSION

Plaintiffs' Motion to Remand (Doc. 6) is GRANTED.  This case shall be remanded to the Circuit Court of Jackson County, Missouri.

**IT IS SO ORDERED.**

Date:   January 4, 2013                              /s/ Greg Kays
                                                                     GREG KAYS, JUDGE
                                                                     UNITED STATES DISTRICT COURT